IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES L. HORTMAN,

                                                                                           ORDER

                     Petitioner,

                                                                                     09-cv-220-bbc

      v.

C. HOLINKA, Warden,

                   Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. Petitioner Charles Hortman is an inmate at the Federal Correctional Institution in Oxford, Wisconsin, serving a sentence imposed by the United States District Court for the Eastern District of Wisconsin. Petitioner requests that the Bureau of Prisons be ordered to take him off "Inmate Financial Responsibility Program Refuse" status, vacate all sanctions against him and restore him to the position he would have been in but for the Bureau of Prisons' decision to place him on refuse status. He contends that making restitution payments in accordance with the Inmate Financial Responsibility Program would be the delegation of judicial authority to the Bureau of Prisons in violation of the Constitution and laws of the United States. Petitioner is challenging the execution of his sentence and not the imposition.

1

Therefore, § 2241 is the proper statute under which to proceed. Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003). Furthermore, petitioner has paid the $5 filing fee.

Nonetheless, I must deny the petitioner on its merits. Petitioner alleges that at the time of his sentencing, he was ordered to pay a $500 assessment and $2000 fine, but the district court never set an actual schedule of payment. However, the Bureau of Prisons determined that under its Inmate Financial Responsibility Program petitioner should pay $50 every month toward his assessment and fine. Although the Inmate Financial Responsibility Program is a voluntary program, a prisoner's refusal to participate does carry repercussions, such as a limiting the prisoner's pay grade. So when petitioner refused to participate in the program because he was required to pay $50 a month, he was placed in refuse status.

Petitioner contends that because the court that sentenced him failed to set a restitution payment schedule, the Bureau of Prisons cannot set such a schedule using the Inmate Financial Responsibility Program. The law is to the contrary. In United States v. Sawyer, 521 F.3d 792, 795 (7th Cir. 2008), the Court of Appeals for the Seventh Circuit made it clear that "judicial silence allows the Bureau to decide how much, if anything, to remit through the Inmate Financial Responsibility Program[.]" The court of appeals added that "[c]ourts are not authorized to override the Bureau's discretion about such matters," and that "[p]rison earnings and other transactions concerning prison trust accounts are so

2

completely within the Bureau of Prisons' control that it would be pointless for a judge to tell the convict how much to pay a month," and thus, "a judgment of conviction need not contain a schedule of restitution payments to be made during incarceration." Id. at 794-95.

A court's silence on a defendant's restitution payments while incarcerated is not the same thing as a court telling a probation officer to schedule payments. That would be an inappropriate delegation of power by the judicial branch, because "the Bureau of Prisons' authority rests on statutes, and any delegation is from the President and the Attorney General rather than a judge." Sawyer, 521 F.3d at 795. The Bureau of Prisons' scheduling of restitution payments under its Inmate Financial Responsibility Program is not an inappropriate delegation of judicial power. Therefore, this petition for writ of habeas corpus must be denied.

ORDER

IT IS ORDERED that petitioner Charles L. Hortman's petition for a writ of habeas corpus is DENIED and his case is DISMISSED.

Entered this 15th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4